IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01803-WJM

TRUSTILE DOORS, LLC,

    Plaintiff,

v.

ARCHITECTURAL CONCEPTS, LLC, JOZETTE SANCHEZ, SCOTT COLBY, JOSE CARMELO DURON ADAME, JOSE CARMELO MARQUEZ, AND EDGAR SIMON CHAVEZ,

    Defendants.

---

**DECLARATION OF DAVID A. HALL
IN SUPPORT OF PLAINTIFF TRUSTILE DOORS LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

I, David A. Hall, declare and state as follows:

1. I submit this Declaration in support of Plaintiff TruStile Doors, LLC's ("TruStile" or "Plaintiff") Motion for Partial Summary Judgment ("Motion"). I have knowledge of the matters stated herein and they are all true and correct.

2. I am an expert witness engaged by TruStile to provide opinions on the damages and/or remedies related to TruStile's legal claims in connection with the above-captioned action. Attached hereto as **Exhibit A** is a true and correct copy of my Expert Report, dated February 16, 2021 (the "Report"), which contains my analyses, calculations and conclusions pertaining to my assignment in this action. (*See* Report at 3.) To be clear, and as stated in the Report, I am not offering an opinion as to liability for any of the claims asserted in the above-captioned action—for the purposes of all opinions stated in this Declaration and in the Report, liability is assumed.

3. Specifically, I provided opinions regarding the value of Defendants Architectural Concepts, LLC ("AC") and Jozette Sanchez ("Sanchez") unjust enrichment as a result of AC and Sanchez's retention and use of TruStile's confidential and proprietary information. I calculated this amount using the Plaintiff's development cost methodology. In addition, I calculated damages incurred by TruStile as a result of the compensation paid by TruStile to Defendants Sanchez, Jose Carmelo Duron ("Duron"), Jose Carmelo Marquez ("Marquez"), and Edgar Simon Chavez's ("Chavez") (collectively, Sanchez, Chavez, Duron, and Marquez shall hereinafter be referred to as the "Employees") during their respective periods of disloyalty.

4. By way of summary, and as set forth in detail in the Report, the following is my measure of the unjust enrichment realized by AC and Sanchez as a result of Sanchez's and AC's retention and use of TruStile's confidential and proprietary information:

    a. TruStile's cost to develop the confidential and proprietary information that Sanchez and AC retained and used total $1,238,279. This is comprised of AC's avoided development cost resulting from the retention and use of TruStile's: (1) part master document ($58,436); (2) master cross section library ($633,003); (3) fire listing lookup document ($16,670); (4) Intertek fire listing report document ($51,924); (5) product rules document ($7,547); and (6) shop floor paperwork/Packet Detail document ($470,699). (*See generally* Report at 9-26 and Attachments 1-9.)[1]

5. TruStile provided compensation totaling $531,435 during the Employees' respective periods of disloyalty. Specifically:

---

[1] I understand that TruStile is not seeking an award of summary judgment for unjust enrichment associated with TruStile's tooling profiles document ($74,213). This amount is excluded from the total amount listed above.

a. Between April 1, 2019 and March 27, 2020, TruStile provided Chavez with compensation totaling $86,549;

b. Between April 1, 2019 and January 11, 2020, TruStile provided Duron with compensation totaling $62,995;

c. Between June 1, 2018 and January 15, 2020, TruStile provided Sanchez with compensation totaling $170,777; and

d. Between June 1, 2018 and August 31, 2020, TruStile provided Marquez with compensation totaling $211,114. (*See* Report at 41 and Attachment 16.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 5, 2021, in ___Denver___ County, ___Colorado___.

_____
David A. Hall

22801047v1